

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NESSA RAPONE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CRAFT WORLDWIDE HOLDINGS, LLC, d/b/a Craft, Craftbar, and Craftsteak; and TOM COLICCHIO,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Nessa Rapone ("Plaintiff" or "Rapone"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.    Owned by famed restaurateur and "Top Chef" celebrity judge, Defendant Tom Colicchio ("Colicchio"), the Craft brand of restaurants – Craft, Craftbar, and Craftsteak – have multiplied across New York City and in large cities around the country in recent years. The restaurants, all upscale establishments designed by well-known architects and catered by award-winning chefs, have earned Mr. Colicchio and his partners great success. This success, however, has come at the expense of the restaurants' hourly service workers to whom Defendants have denied proper minimum wages, overtime compensation, and tips they earned from customers.

2.      This lawsuit seeks to recover minimum wages, overtime compensation, and misappropriated tips for Plaintiff and her similarly situated co-workers.

3.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of the Craft, Craftbar, Craftsteak and other Craft-brand restaurants owned by Colicchio nationwide (excluding 'wichcraft restaurants) (collectively, "Craft Restaurants") who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

4.      Plaintiff also brings this action on behalf of herself and all similarly situated current and former employees of Craft Restaurants located in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

5.      In addition to violating the wage and hour laws with respect to Plaintiff and her co-workers, Defendants retaliated against Plaintiff by terminating her employment after she complained about Defendants' unlawful wage and hour policies in violation of NYLL Article 7, § 215.

## THE PARTIES

### Plaintiff

6.      Plaintiff Nessa Rapone is an adult individual who is a resident of Brooklyn, New York.

7.      Rapone was employed by Craftbar as a server from approximately March 2007

through approximately May 2007.

8.     Rapone has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Her written consent form is attached as Exhibit A.

9.     Rapone is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

10.    Upon information and belief, Craft Worldwide Holdings, LLC ("Craft Worldwide"), d/b/a Craft, Craftbar, and Craftsteak, and Colicchio (collectively, "Defendants") are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

**Craft Worldwide**

11.    Craft Worldwide is a limited liability corporation organized and existing under the laws of Delaware with its principal executive office located in New York, New York.

12.    Upon information and belief, Craft Worldwide is a management company that owns and/or operates the Craft Restaurants and promulgates their employment policies, including their compensation policies.

13.    Craft Worldwide is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

14.    At all times relevant, Craft Worldwide's annual gross volume of sales made or business done was not less than $500,000.

**Colicchio**

15.    Upon information and belief, at all times relevant, Colicchio has owned Craft, Craftbar, and Craftsteak.

3

16.     Upon information and belief, at all times relevant, Colicchio has had the power to hire and fire employees, including Plaintiff, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Colicchio has also had the power to stop any illegal pay practices that harmed Plaintiff.

17.     Colicchio is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiff and/or jointly employed Plaintiff.

18.     Colicchio is an agent of Craft Worldwide.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

20.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

21.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

22.     Plaintiff's claims involve matters of national or interstate interest.

23.     Citizenship of the members of the proposed class is dispersed among a substantial number of states.

24.     Upon information and belief, greater than two-thirds of the members of the proposed class in the aggregate are not citizens of the same state.

25.     Upon information and belief, at least one Defendant resides in New York.

26.     Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

27.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings the Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of

> all persons who have worked as hourly service workers at Craft
> Restaurants in New York between December 11, 2002 and the date
> of final judgment in this matter (the "Rule 23 Class").

30.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Craft Worldwide or the Craft Restaurants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

31.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

32.     Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, and facts on which the calculation of that number depends are presently within the sole control of Defendants.

33.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) whether Defendants violated NYLL Article 6, §§190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

    (b) whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class;

    (c) whether Defendants' tip pooling scheme was created through the mutual agreement of Plaintiff and the Rule 23 Class;

    (d) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class by charging Plaintiff and the Rule 23 Class for uniform-related expenses;

    (e) whether Defendants correctly calculated and compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

    (f) whether Defendants failed to provide Plaintiff and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

    (g) whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

    (h) whether Defendants failed to comply with the posting and notice requirements of the NYLL;

    (i) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

    (j) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    (k) the nature and extent of class-wide injury and the measure of damages for those injuries.

35.     The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all the Rule 23 Class members work, or have worked, for Defendants as hourly food service employees at Craft Restaurants. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to keep the tips they earn. Plaintiff and Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

36.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the Rule 23 Class members.

37.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**COLLECTIVE ACTION ALLEGATIONS**

39.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked at Craft Restaurants nationwide as hourly service workers who elect to opt-in to this action (the "FLSA Collective").

40.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff.  Upon information and belief, there are many similarly situated current and former employees of Craft Restaurants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**CLASS-WIDE FACTUAL ALLEGATIONS**

41.     Plaintiff and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendants' common policy and plan that has violated their rights under the FLSA and the NYLL by denying them a proper minimum wage, overtime compensation, tips, and other wages.  At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

42.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described in this Class Action Complaint.  This policy and pattern or practice includes, but is not limited to the following:

8

a.    denying Plaintiff and the Class Members tips that they earned;

b.    redistributing portions of the tips earned by Plaintiff and the Class Members to employees not entitled to receive tips under the FLSA or the NYLL;

c.    failing to pay Plaintiff and the Class Members time and a half for all hours worked over forty in a work week in violation of the FLSA and the NYLL;

d.    failing to keep accurate and adequate records of wages paid to Plaintiff and the Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, gratuities, and hours worked by Plaintiff and the Class Members as required by the FLSA and the NYLL;

e.    failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

f.    failing to pay Plaintiff and the Class Members at least at the applicable minimum hourly wage rate and overtime rate under the FLSA and the NYLL for hours worked;

g.    making unlawful deductions from the wages of Plaintiff and the Class Members, including but not limited to deductions for uniform-related expenses; and

h.    failing to pay Plaintiff and Class Members spread of hours compensation that they earned.

43.    Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

44.    Defendants' unlawful conduct has been widespread, repeated, and consistent.  Upon information and belief, Defendants' policies and practices described in this Class Action Complaint have been centrally promulgated and uniform in all of the Craft Restaurants.

45.      Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

46.      Defendants' deceptive conduct prevented Plaintiff and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFF'S FACTUAL ALLEGATIONS

47.      Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff individually as follows:

48.      Defendants did not pay Plaintiff the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

49.      Defendants did not inform Plaintiff of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

50.      Defendants did not allow Plaintiff to retain all the tips she received.

51.      Defendants unlawfully demanded, retained, or received portions of the tips that Plaintiff received.

52.      Upon information and belief, Defendants unlawfully redistributed part of Plaintiff's wages to employees in positions that do not customarily and regularly receive tips.

53.      Defendants imposed upon Plaintiff a tip redistribution or sharing scheme to which she had never agreed.

54.      Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Plaintiff.

55.      Defendants did not compensate Plaintiff for the cleaning, care, and maintenance of the uniforms they required Plaintiff to wear while working at Craftbar.

56.     Defendants did not pay Plaintiff spread-of hours pay for shifts she worked of 10 hours or more.

57.     Defendants terminated Plaintiff in retaliation for her complaints about their wage and hour policies.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Defendants failed to pay Plaintiff and the Class Members the minimum wages to which they are entitled under the FLSA.

60.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

61.     At all times relevant, Plaintiff and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

62.     At all times relevant, Plaintiff and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

63.     At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

64.     Defendants were required to pay directly to Plaintiff and the Class Members the applicable federal minimum wage rate for all hours worked.

65.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because:

>     a.    Defendants failed to inform Plaintiff and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m); and
>
>     b.    Defendants did not permit Plaintiff and the Class Members to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

66.     Defendants engaged in unlawful tip pooling practices.

67.     Plaintiff and the Class Members did not mutually agree to Defendants' tip pooling practices.

68.     Upon information and belief, Defendants unlawfully redistributed portions of the tips received by Plaintiff and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

69.     Defendants failed to post and keep posted in a conspicuous place on the premises of the Craft Restaurants a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

70.     As a result of Defendants' violations of the FLSA, Plaintiff and the Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

71.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

72.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

73.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Class Members.

75.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours in a work week.

76.    As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## THIRD CAUSE OF ACTION

### New York Labor Law Article 19 – Unpaid Overtime
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Class Members.

79.     Defendants have failed to pay Plaintiff and the Class Members the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

80.     By Defendants' knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

81.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

82.     Plaintiff does not seek liquidated damages under the NYLL.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Tip Misappropriation
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     At all times relevant, Plaintiff and the Class Members have been employees within the meaning of NYLL §§ 190 *et seq*., and supporting New York State Department of Labor

Regulations.

85.     At all times relevant, Defendants have been employers within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

86.     The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to all Defendants and protect the Plaintiff and Class Members.

87.     Defendants unlawfully demanded or accepted, directly or indirectly, the gratuities received by Plaintiff and the Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

88.     Upon information and belief, Defendants unlawfully retained part of Plaintiff's and the Class Members' gratuities in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

89.     Upon information and belief, Defendants pooled, redistributed and/or shared part of the gratuities received by Plaintiff and Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

90.     By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiff and the Class Members, Defendants have willfully violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

91.     Plaintiff does not seek liquidated damages under the NYLL.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

92.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.    Defendants have willfully failed to pay Plaintiff and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

94.    By Defendants' failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

95.    Plaintiff does not seek liquidated damages under the NYLL.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Unlawful Deductions
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

96.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97.    Defendants failed to pay Plaintiff and the members of the Class the full amount of their wages as a result of deductions for uniform-related expenses in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations.

98.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

99.    Plaintiff does not seek liquidated damages under the NYLL.

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Retaliation
### (Brought on behalf of Plaintiff)

100.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants retaliated against Plaintiff by terminating her employment based on her complaints about Defendants' violations of the wage and hour laws.

102.    Plaintiff's complaints are protected activities under NYLL Art. 7, § 215.

103.    A reasonable employee would have found Defendants' retaliatory act described herein to be materially adverse.  The retaliatory act described herein would dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

104.    Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate her and to otherwise interfere with her attempts to vindicate her rights under the New York Labor Law.

105.    By engaging in the retaliatory act alleged herein, Defendants retaliated against Plaintiff, discriminated against her, and penalized her in violation of NYLL Art. 7, § 215.

106.    Plaintiff has suffered damages, including, but not limited to, lost wages as a result of Defendants' retaliation.

107.    Plaintiff is entitled to equitable relief, monetary relief, including, but not limited to, compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

17

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly food service employees at Craft Restaurants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay, misappropriated tips, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

D.      Lost wages and compensatory and punitive damages for Plaintiff pursuant to NYLL Art. 7, § 215(2).

E.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.      Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

18

G.  Issuance of a declaratory judgment that the practices complained of in this

Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article

19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

H.  Pre-judgment interest and post-judgment interest;

I.  An injunction requiring Defendants to pay all statutorily required wages

pursuant to the NYLL;

J.  Reasonable attorneys' fees and costs of the action; and

K.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       December 11, 2008

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Rachel Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
*Attorneys for Plaintiff and
the Putative Class*

19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

NESSA RAPONE, on behalf of herself and all others
similarly situated,

                    Plaintiff,

      -against-

CRAFT WORLDWIDE HOLDINGS, LLC d/b/a
Craft, Craftbar, Craftsteak, and TOM
COLICCHIO,

                Defendants.

Consent to Be a Party
Plaintiff

I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Outten & Golden LLP to represent me in the above-captioned law suit.


_____
Signature

NESSA  RAPONE
_____
Full Legal Name (print)

| REDACTED |
|----------|

Address

| REDACTED |
|----------|

City, State                              Zip Code